UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA I. MARTINEZ,

    Petitioner,

v.                                       Case No.:  2:24-cv-297-SPC-KCD

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## OPINION AND ORDER

    Before the Court are Joshua Martinez's Petition Under 28 U.S.C. § 2254 by a Person in Custody Pursuant to a State Court Judgment (Doc. 1) and Motion for Stay and Abeyance of Ground Five in Habeas Petition Pending Review in Middle District Court (Doc. 3). Martinez challenges a Florida conviction for preventing or obstructing extinguishment of a fire and damage to a sexually violent predator detention/commitment facility. The Court reviews Martinez's petition under Rule 4 of the Rules Governing Section 2254 Cases.

    It is plain from the petition that Martinez is not entitled to habeas relief. The Antiterrorism Effective Death Penalty Act precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust

occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)).

Martinez acknowledges in his petition that his habeas claims are currently pending in the Second District Court of Appeal of Florida (2nd DCA). This Court has reviewed the 2nd DCA's docket, which confirms that Martinez is still litigating his habeas claims in state court. Thus, he has not yet exhausted the means of relief available to him under Florida law, and his habeas petition is premature. The Court will dismiss Martinez's petition without prejudice. He may file a new petition if his state postconviction challenges are unsuccessful.

The title of Martinez's motion suggests he seeks to invoke the "stay-and-abeyance" procedure the Supreme Court approved in *Rhines v. Weber*, 544 U.S. 269 (2005). That procedure is available for habeas petitioners who assert both exhausted and unexhausted grounds when "there was good cause for the petitioner's failure to exhaust his claims first in state court" and the unexhausted grounds are not "plainly meritless." *Rhines*, 544 U.S. at 277. *Rhines* is not applicable here because all of Martinez's grounds are unexhausted.

The body of Martinez's motion suggests another motive—he simply does not want to wait for the 2nd DCA to rule on his state postconviction motion. But the exhaustion requirement is not optional. Martinez cannot seek federal habeas relief until and unless the 2nd DCA denies his postconviction claims.

Accordingly, Martinez's motion for stay and abeyance (Doc. 3) is **DENIED**, and this action is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 16, 2025.



SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record